U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2012 JUN -8 PM 12: 12

CLERK

BY _____ HBx
DEPUTY CLERK

M.E. Lawlor, Plaintiff

v.  Case No: 2:12-cv-127

Laborie Medical Technologies Corp., Defendant

## COMPLAINT
(Demand for Jury Trial)

### PARTIES

Plaintiff: M.E. Lawlor, Pro Se
PO Box 1268
115 Park St. #9
Stowe, VT 05672-1268

Defendant: Laborie Medical Technologies Corp.
400 Avenue D, Suite 10
Williston, VT 05495-7828

### JURISDICTION

Question of Federal Law under ADEA / Age Discrimination in Employment Act

### CLAIMS

1. Plaintiff was employed by defendant for 12 ½ years from February 1998 to July 1, 2010. Plaintiff was more than qualified for the job and plaintiff's performance was more than satisfactory.

2. In a December 11, 2008 meeting with one of plaintiff's newly appointed supervisors, defendant (Shane Palmer) repeatedly referred to plaintiff as "antiquated" and plaintiff

understood this to be a derogatory reference to plaintiff's age. At that time, plaintiff was 59 years of age.

3. After that, plaintiff made (on December 11, 2008 and December 16, 2008) more than one complaint to defendant (to plaintiff's other supervisor [Craig Middleton], Operations Manager [Andrea Chong], and Vice President of the Williston facility [Peter Bulla]) about defendant's (Mr. Palmer's) conduct but plaintiff was met with retaliation. Specifically, plaintiff was told to work closely with defendant (Mr. Palmer), even though plaintiff requested that plaintiff's interactions with defendant (Mr. Palmer) be limited, and specifically plaintiff was told that the plaintiff's complaints were considered "negative".

4. On December 30, 2008, plaintiff received a retaliatory letter criticizing plaintiff for plaintiff's complaint.

5. On December 30, 2008, plaintiff was additionally issued a memorandum criticizing plaintiff's performance for the first time and notifying plaintiff of heightened scrutiny of plaintiff's work and that plaintiff's workload was now increased by 150%.

6. On December 30, 2008, plaintiff wrote to defendant (Craig Middleton) that plaintiff hoped these actions were not in retaliation for plaintiff's complaint.

7. On January 6, 2009, plaintiff notified the defendant (CEO, Rob Laborie), that plaintiff was subjected to increased scrutiny and retaliation due to plaintiff's age discrimination claim. Defendant (CEO, Rob Laborie) stated that defendant did not consider defendant's actions retaliatory.

8. On June 3, 2009, in retaliation against plaintiff, plaintiff's spouse (Robert Lawlor) was dismissed from the employ of the defendant.

9. On October 23, 2009, plaintiff's work was credited to a younger co-worker (Erin Jones Morse). Plaintiff asked defendant (Craig Middleton) if this was done in retaliation and as preferential treatment of the younger co-worker. Defendant (Craig Middleton) responded to the question with a directive to plaintiff to "stay positive."

10. On November 06, 2009, plaintiff asked defendant (Craig Middleton) if plaintiff was being targeted for discrimination as plaintiff noticed that a younger co-worker (Erin Jones Morse) was under less scrutiny and that the younger worker had a lighter work load. Defendant did not respond to plaintiff's inquiry.

11. Due to excessive workload demands and excessive scrutiny from December 30, 2008 until plaintiff's wrongful dismissal on July 01, 2010, plaintiff repeatedly asked defendant (Craig Middleton, Peter Bulla, and Andrea Chong) if plaintiff were being targeted for retaliation. Plaintiff's questions were repeatedly dismissed as "negative comments".

12. On July 1, 2010, in retaliation, plaintiff was notified that plaintiff's job (as In-Side Sales Representative) had been eliminated the day before, on June 30, 2010. In retaliation, plaintiff's health benefits had been cancelled on June 30, 2010, without notice to plaintiff. And, in retaliation, the defendant retained a younger worker (Erin Jones Morse) with the same job description and less experience and seniority.

13. By wrongfully discharging plaintiff, the defendant carried out the defendant's written discriminatory policy of intending to "go with a young, enthusiastic and determined sales force" and "if we have to, we can dispose of our 'old pros' ", as stated in the defendant's policy document "A New Look for the American Sales Force of Laborie".

14. By wrongfully discharging plaintiff, the defendant carried out the defendant's written discriminatory policy of "We have to stop thinking that 'Secretariats' are the 'best performers forever'. They get tired and worthless", as stated in the defendant's policy document "A New Look for the American Sales force of Laborie".

15. Post employment, defendant continued to retaliate against plaintiff in defendant's reporting to the Vermont Department of Labor as to the reason for plaintiff's dismissal. Defendant reported that plaintiff was "fired" for cause in order to cause a denial or delay plaintiff's claim for unemployment insurance benefits.

16. Post employment, defendant continued to retaliate against plaintiff in defendant's responses to plaintiff's prospective employers, preventing plaintiff from gainful employment.

17. Plaintiff was out of work for 7 months following the wrongful discharge, which resulted in a loss of $18,681.00 (lost previous wages of $ 4,308.00 per month under defendant's previous employ, less unemployment insurance benefits).

18. Plaintiff is currently employed in a position with wages that are $ 17,017.00 less per year than under the employ of the defendant.

4

19. Plaintiff's damages due to loss in wages from February 1, 2011 to December 31, 2011 were $ 15,599.00.

20. Plaintiff plans to work until the age of 70; therefore, from January 1, 2012 to December 31, 2019, plaintiff suffers additional loss in wages of $ 136,136.00.

## RELIEF

Wherefore, plaintiff asks for judgment against the defendant as set forth below:

A. For the provable actual damages sum of $170,416.00;

B. For punitive damages in an amount sufficient to deter the defendant from future discriminatory and retaliatory behaviors, and,

C. For such other relief that the court finds to be fair and proper.

Date: June 8, 2012        Signed: _____, Pro Se
                                  M.E. Lawlor

PO Box 1268
115 Park St. #9
Stowe, VT  05672-1268
802.233.4157
medrl2@myfairpoint.net